# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

PAUL KOZEL, an individual, d/b/a THE )
WRANGLERS CLUB, )
                   )
                  Plaintiff, )
                   )
vs. ) No. CIV-10-335-FHS
                   )
PUSHMATAHA COUNTY BOARD OF COUNTY )
COMMISSIONERS, et. al., )
                   )
                  Defendants. )

**ORDER**

    Before the court for its consideration is the County Defendants' Motion to Stay filed by defendants Sheriff Jim Duncan and Deputies John Arthur and Russell Bailey. In that motion, defendants request the court stay the pending litigation until final judgment is entered in case No. CIV-08-471 (2008 action). The 2008 action is an earlier action pending in this court and filed by the same plaintiff, based on similar facts. Defendants Oklahoma Highway Patrol, Eric Blades, Ronald Hampton, John Vargas and Darrell Wofford filed a response indicating they would support a stay in the instant action.

    Plaintiff objects to the stay arguing there is no need to hault the proceedings in the instant action. He also argues that staying the case until the final outcome of the previous lawsuit would be extreme and excessive. Plaintiff claims the parties and issues are not identical.

    This is plaintiff's second lawsuit against these defendants and his claims are very similar in both actions. In the 2008 action, plaintiff alleged a conscious and concerted conspiracy by the Pushmataha County Sheriff's Department and various other law enforcement personnel and agencies to conduct their activities in a way that is designed

specifically to destroy plaintiff's business, and alleges the County Defendants'"harassing conduct...has not cease to date." The 2008 lawsuit was predicated on the same facts and/or series of facts on which the current lawsuit is predicated.

In the 2008 action, plaintiff was represented by counsel from the Richardson law firm. The Richardson Law Firm did withdraw from representing the plaintiff on July 8, 2009. Plaintiff litigated the 2008 action as a *pro se* litigant until October 2009 when plaintiff was again represented by counsel, Mr. Smoot and Ms. O'Day.

After dispositive motions were filed, the court entered judgments in favor of all defendants except Sheriff Duncan. The court has entered an order denying Sheriff Duncan qualified immunity. Sheriff Duncan appealed the order denying him qualified immunity in his individual capacity to the Tenth Circuit Court of Appeals. The court entered an order on September 13, 2010, staying the 2008 actions pending the resolution of Sheriff Duncan's appeal.

On September 13, 2010, Plaintiff filed the instant action *pro se*. The court has reviewed the pleadings in both lawsuits. The court finds the allegations in the instant case are substantially the same allegations as those made in the 2008 action. The instant case contains allegations claiming a pattern of harassment dating from 2007. In the instant case plaintiff again alleges that defendants were harassing him by setting up traffic stops near plaintiff's bar and by harassing customers of the bar. The only changes are the addition of a number of defendants and additional allegations of alleged conduct having occurred since the older case was filed.

Defendants have moved this court to stay the pending action until the resolution of the 2008 action. They argue this should be done for

several reasons.  First, they argue that once the court's rulings in the earlier case in favor of the individual law-enforcement officers merge into a final judgment,  those rulings would become *res judicata* in the present case.  Also, defendants argue the decision of the Court of Appeals  on the issue of whether Sheriff Duncan is entitled to qualified immunity as a matter of law will bind the parties in the present action, once it matures into a final judgment.  Defendants argue the issues in the two matters are so nearly identical that it simply does not make sense to litigate them twice.

Furthermore, the fact the plaintiff is represented in the earlier case, but *pro se* in the present one, puts counsel for defendants at a distinct disadvantage.  Under the Rules of Professional Conduct defense counsel are prohibited from communicating with plaintiff as to matters within the scope of Mr. Smoot's representation of plaintiff in the earlier case.  Mr. Smoot gave his permission for defense counsel to contact plaintiff regarding the new proceeding only. However, he requested defense counsel only communicate with plaintiff through formal discovery and not through informal conversations. Defendants claim these matters are so closely related that it makes it difficult to communicate with plaintiff directly about matters in the instant case without possibly discussing matters from the 2008 action.  Thereby, they may be committing an ethical violation.  Also, they argue it is difficult to communicate with plaintiff only through formal discovery.

The court finds the facts and circumstances in this case justify a stay.  See <u>Sandis v. North American Company</u>, 299 U.S. 248, 254 (1936). The two lawsuits are substantially similar and because of the issues of communication with plaintiff, the court finds it must stay the present action until resolution of the 2008 action.

IT IS SO ORDERED this 24th day of February, 2011.

Frank H. Seay
United States District Judge
Eastern District of Oklahoma